OPINION
David George, the natural father of Ydor George, a dependent child, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Richland County, Ohio, which terminated his parental rights and granted permanent custody to Richland County Children's Services. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The record indicates Ydor was born May 23, 1999. Ydor's mother, Ronda Rody gave birth at home assisted only by appellant. Mother had no pre-natal care during her last two months of pregnancy, and gave birth at home in order avoid to apprehension on outstanding arrest warrants. Both parents had a history of drug usage and legal entanglements, although Ydor never tested positive for drugs. Mother was incarcerated from June of 1999 to March of 2000, and initially appellant cared for Ydor under the protective supervision of Children's Services. Appellant failed to comply with various conditions set by Children's Services, and the child was removed from his custody when he was about seven months old.
After taking temporary custody of Ydor, Children's Services fashioned a Family Reunification Plan to address the problems in the home. The magistrate to whom this matter was referred found appellant participated in psychological evaluation but did not complete it. Appellant admitted that he "toyed" and "bullshitted" with the examiner during the evaluation.
The examiner, Dr. Steven Burggraf reported appellant has a delusional disorder, mixed type (Grandiose and Persecutory), hypertrophied by substance abuse. The truncated evaluation demonstrated a pattern of impulsive irresponsible behavior and social relational limitations. Dr. Burggraf opined appellant was not competent to provide adequate care for an infant.
Appellant did not submit to random drug testing and his home had exposed electrical wiring. Appellant acknowledged certain items needed to be fixed, but felt they did not represent a hazard to the child because of his age. Appellant visited only once with the child.
The trial court found Ydor should not be placed with either of his parents, and found it was in Ydor's best interest to be placed in permanent custody of Children's Services. Specifically, the trial court found notwithstanding reasonable case planning and diligent efforts by Children's Services, appellant had failed to remedy the problems that had initially caused the child to be placed outside the home. The trial court found appellant had demonstrated lack of commitment towards Ydor by failing to regularly support, visit, or communicate with him, and by showing an unwillingness to provide an adequate home for him. Finally, the trial court found Ydor had not been in his parent's custody for at least 12 to 22 months prior to the magistrate's decision granting permanent custody to Children's Services.
The role of the appellate court here is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. A judgment supported by some competent credible evidence going to all the essential elements of the case will not be reversed as against the manifest weight of the evidence, see e.g. MorrisCompany v. Foley Construction Company (1978), 54 Ohio St.2d 279. This court is not the finder of fact here, and may not weigh the evidence or judge the credibility of witnesses, see In Re: Hilbert (May 12, 1999), Licking Appellate No. 1998CA0073, unreported.
Appellant's brief challenges the facts upon which the trial court based its decision, and attempts to explain away or excuse certain unfavorable aspects. While these arguments may be appropriate for the factfinder, they are misplaced in the appellate setting.
We have reviewed the record, and we find the trial court's decision that Ydor cannot be placed with appellant is supported by clear and convincing evidence. We further find the trial court correctly concluded it was in Ydor's best interest to be placed permanently with Children's Services. Accordingly, the assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Richland County, Ohio, is affirmed. Costs to appellant.
Hon. Julie A. Edwards, P. J. Hon. W. Scott Gwin, J. and Hon. John F. Boggins, J. concur.